UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZILLOW, INC., <br><br> Plaintiff, <br><br> v. <br><br> TRULIA, INC., <br><br> Defendant. | CASE NO. C12-1549JLR <br><br> ORDER DEFERRING RULING ON MOTION TO DISMISS AND DENYING STAY |

This matter comes before the court on Defendant Trulia, Inc.'s ("Trulia") motion to dismiss Plaintiff Zillow, Inc.'s ("Zillow") complaint for patent infringement. (Mot. (Dkt. # 19).) Trulia argues that this case should be dismissed because Zillow's patent claims only "abstract ideas," which are not patentable. To rule on this motion, the court must be able to articulate when an otherwise-unpatentable abstract idea becomes patentable solely because it is implemented using a general purpose computer. The court defers ruling on this motion because the Court of Appeals for the Federal Circuit recently

ORDER- 1

heard a case with the stated aim of setting forth a test to answer this exact question.[1] Accordingly, in the interest of judicial economy, the court will not rule on this motion until it receives guidance from the Federal Circuit. In the meantime, Zillow's claim against Trulia will go forward. Although Trulia has requested a stay until the Federal Circuit makes its decision, it has not met its burden to show that a stay is warranted.

## I. FACTS

This is a patent infringement dispute between two online real estate information providers, Zillow and Trulia. Both Zillow and Trulia operate websites allowing users to assess the value of real property. They both rely largely on information available in the public domain, but one of the primary attractions of Zillow is its "Zestimate" feature, which allows property owners to improve the accuracy of their property valuation by entering information not in the public domain. (Compl. (Dkt. # 1) ¶ 7.) For example, a user might enter the number of bedrooms in their house or its square footage. Zillow uses this information to provide a purportedly more accurate estimate of the user's property value. (*Id.*) Zillow filed a patent application with and obtained a patent from the United States Patent and Trademark Office claiming its method of using user-entered information to adjust assessments of property value. U.S. Patent No. 7,970,674 B2. Now, Trulia has created its own version of the Zestimate called the "Trulia Estimate," and Zillow claims Trulia is infringing its patent. (*Id.* ¶ 10, 19.)

---

[1] As an administrative matter, the court will simply strike the motion without prejudice to refiling. When the Federal Circuit makes its decision, the parties will need to submit updated briefing to reflect that decision. Thus, the court strikes Trulia's motion with the understanding that it may be brought again at a later time.

ORDER- 2

On this motion to dismiss, the parties dispute whether Zillow's patent is valid under section 101 of the Patent Act. (*See* Mot.) Trulia, the moving party, argues that Zillow's patent is invalid because it claims only unpatentable abstract ideas. (*Id.* at 5.) Specifically, Trulia argues that Zillow cannot patent the raw idea of combining user-entered information with publicly available data to produce an accurate estimate of the user's property value. (*Id.*) Trulia argues that a patent like this is outside the statutory requirements of the Patent Act. (*Id.* at 10-12.) On the other hand, Zillow argues that its patent is valid because the patent claims not merely an idea, but a specific implementation of that idea on a computer, which Zillow argues can be patented. (Resp. (Dkt. # 22) at 6.)

## II.   ANALYSIS

Section 101 of the Patent Act sets forth the basic requirement of patent eligibility:

> Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefore, subject to the conditions and requirements of this title.

35 U.S.C. § 101. The Supreme Court has established three exceptions to this requirement: no one can patent "laws of nature, physical phenomena, [or] abstract ideas." *E.g.*, *Mayo Collaborative Servs. v. Prometheus Labs, Inc.*, 132 S. Ct. 1289, 1293 (2012). This is because laws of nature, physical phenomena, and abstract ideas are "the basic tools of scientific and technological work" and must be kept available to all in the name of scientific progress. *Gottschalk v. Benson*, 409 U.S. 63, 67 (1972). This case specifically concerns the exception for "abstract ideas."

1   In the past, federal courts used a straightforward test to determine whether a patent claimed only an abstract idea. Under the "machine or transformation" test, a claimed invention was patent eligible if it (1) was tied to a particular machine or apparatus; or (2) transformed a particular article into a different state or thing. *See, e.g., In re Bilski*, 545 F.3d 943, 954 (Fed Cir. 2008). However, the Supreme Court recently rejected the idea that this was the sole test for patent eligibility under section 101. *Bilski v. Kappos*, 130 S. Ct. 3218, 3225-27 (2010).

   This left the law of patent eligibility under section 101 in a state of flux. And while *Bilski* and subsequent Supreme Court decisions have provided some guidance for assessing whether a claimed invention is patent eligible, as of now neither the Supreme Court nor the Federal Circuit have set forth a single test to guide district courts. *See id.*; *Mayo*, 132 S. Ct. 1289; *Dealertrack, Inc. v. Huber*, 674 F.3d 1315 (Fed Cir. 2012). Nor is there a single test to answer the specific question now before the court: when is a claimed invention patent eligible because it implements an otherwise-patent-ineligible abstract idea using a general purpose computer?

   With respect to this second, narrower question, help is on the way. The Federal Circuit recently granted rehearing en banc in a case called *CLS Bank Int'l v. Alice Corp. Pty. Ltd*, 685 F.3d 1341 (Fed. Cir. 2012). *See CLS Bank Int'l v. Alice Corp. Pty. Ltd.*, 484 Fed.Appx. 559, 2012 WL 4784336 (Fed. Cir. 2012) (granting rehearing en banc). The first question presented for review in *CLS Bank* calls for an answer that would be extraordinarily helpful to the court in this case:

ORDER- 4

> What test should the court adopt to determine whether a computer-implemented invention is a patent ineligible "abstract idea"; and when, if ever, does the presence of a computer in a claim lend patent eligibility to an otherwise patent-ineligible idea?

*Id.* at *1. This question has attracted attention at the Federal Circuit, garnering numerous *amicus* briefs before it was argued on February 8, 2013. The facts of *CLS Bank* are a lot like the facts of this case with respect to patent eligibility, suggesting that the Federal Circuit's en banc decision will be particularly useful in resolving this motion. *See CLS Bank*, 685 F.3d 1341.

If the court ruled on Trulia's motion now, it would at a minimum need to revisit (and perhaps even abandon) its decision after the Federal Circuit's en banc decision in *CLS Bank*. In light of this, Trulia has requested as an alternative to ruling on its motion that the court defer its decision on this motion until after *CLS Bank* is decided. (Mot. at 16-17.) This is a wise suggestion that will conserve judicial resources and allow the court to make a fair and just ruling on the merits. Therefore, for the reasons stated above, the court will defer ruling on this motion until after *CLS Bank* is decided.

Both sides make unpersuasive attempts to argue that this is not necessary, and that the court should simply resolve this motion in their favor. Specifically, each side argues that Supreme Court precedent is so crystal clear on this topic that the court need not await clarification from the Federal Circuit. The problem is, the parties apply this supposedly clear precedent to arrive at diametrically opposite conclusions. (*Compare* Mot. at 10-14 *with* Resp. at 12-23.) The court has reviewed the relevant Supreme Court case law and confirmed what can be inferred from the parties' disagreement: the law governing this

case is unclear and the court will benefit substantially from the Federal Circuit's guidance in *CLS Bank*.

One issue remains: should the court stay this case while it awaits a decision in *CLS Bank* or should litigation proceed in the meantime? After considering the relevant law and the arguments of the parties on this subject, the court concludes that litigation should proceed because, although Trulia has asked for a stay, it has not met its burden to show that a stay is justified. (*See* Mot. at 16-17.)

A stay is justified only under certain defined circumstances. In general, district courts have discretionary power to manage their own workloads by staying proceedings in their own court to await a ruling in a separate court. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). But this discretion is limited. To decide whether to grant a stay of proceedings while awaiting the ruling of another court, courts in the Ninth Circuit must weigh the competing interests that would be affected by a stay, including: (1) the possible damage that may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Id.* at 1110 (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

Two further limitations are highly relevant here. First, a stay should not be granted unless it appears likely that the other proceeding (here, *CLS Bank*), will be concluded "within a reasonable time in relation to the urgency of the claims presented to

ORDER- 6

the court." *Id.* at 1111. Generally, stays should not be indefinite in nature. *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066-67 (9th Cir. 2007). Second, a heightened burden applies if there is even a "fair possibility" that the stay will work damage to another party. If this possibility exists, the party seeking a stay "must make out a clear case of hardship or inequity." *Lockyer*, 398 F.3d at 1109-10, 1111. Further, it is well established that "being required to defend a suit, without more, does not constitute a "clear case of hardship or inequity." *Id.* at 1112; *Dependable Highway*, 498 F.3d at 1066.

      Trulia has not met its burden of showing that a stay is warranted given these limitations on the court's discretion. First, Trulia requests a stay of indefinite length; the court has no way of knowing how soon the Federal Circuit will decide *CLS Bank*, and the court will not order a stay without some indication that the stay will only be in effect for a reasonable amount of time. *Id.* at 1066-67. Second, Trulia fails to meet the heightened burden required for a stay. Zillow raises a "fair possibility" that a stay will cause continuing harm to Zillow, *see Lockyer*, 398 F.3d at 1112, arguing that Trulia continues to infringe its patent and is therefore causing irreparable harm to Zillow by taking its customers, its market share, and its goodwill. (Resp. at 24-25.) In light of this, Trulia must make out a "clear case of hardship or inequity," and it has not done so. *Id.* The only hardship Trulia claims is being required to defend this suit, claiming that it would be burdened by "having to engage in discovery, expend resources, and incur substantial litigation fees litigating a patent that is invalid." (*See* Reply (Dkt. # 24).) Without more, this is not enough to show a clear case of hardship or inequity. *Lockyer*, 398 F.3d at

ORDER- 7

1112. Given these two independent reasons to deny a stay, Trulia has not met its burden and a stay is not justified.

### III. CONCLUSION

For the foregoing reasons, the court defers ruling on Trulia's motion and STRIKES the motion (Dkt # 19) from the docket without prejudice to refiling and with the understanding that the parties will submit updated briefing after the Federal Circuit makes its decision in *CLS Bank*. At that time, the parties should note the motion for consideration just like an ordinary motion to dismiss, following the timelines for briefing found in Local Rules W.D. Wash. CR 7. The court defers ruling on the motion in its entirety, and will rule on section 101 issues only after the Federal Circuit's decision in *CLS Bank*. Finally, the court declines to enter a stay and litigation in this matter should proceed.

Dated this 15th day of February, 2013.

JAMES L. ROBART
United States District Judge

ORDER- 8