UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZILLOW, INC.,

                              Plaintiff,

                    v.

TRULIA, INC.,

                              Defendant.

CASE NO. C12-1549JLR

ORDER DENYING
DEFENDANT'S MOTION TO
DISMISS WITHOUT PREJUDICE

## I.        INTRODUCTION

On September 12, 2012, Plaintiff Zillow, Inc., ("Zillow") sued Defendant Trulia, Inc., ("Trulia") for infringement of United States Patent No. 7,970,674 B2 (the "'674 Patent"). (*See* Compl. (Dkt. # 1).) Before the court is Trulia's renewed motion to dismiss or, in the alternative, for summary judgment on grounds that Zillow's patent claims assert an abstract idea that is not patent-eligible under 35 U.S.C. § 101. (Mot. (Dkt. # 34).) On December 19, 2013, Trulia filed its initial motion to dismiss on grounds that the '674 Patent fails to recite patentable subject matter (Dkt. # 19). The court

ORDER- 1

1  deferred ruling on Trulia's original motion pending the United States Court of Appeals

2  for the Federal Circuit's en banc decision in *CLS Bank International v. Alice Corp.*, 717

3  F.3d 1269 (Fed. Cir. 2013).  The court had hoped that the Federal Circuit's decision

4  would provide guidance in resolving Zillow's and Trulia's present dispute.  (Order (Dkt.

5  # 27) at 1-2, 4-6, 8.)  The Federal Circuit issued its en banc decision on May 10, 2013,

6  and Trulia has now renewed its motion to dismiss.  The court has considered Trulia's

7  renewed motion, all submissions filed in support of or opposition thereto, the applicable

8  law, and the balance of the record.  For the reasons that follow, the court DENIES

9  Trulia's motion but without prejudice to re-filing following claim construction.[1]

10  ## II.    BACKGROUND

11          Zillow's complaint alleges infringement of the '674 Patent, entitled

12  "Automatically Determining a Current Value for a Real Estate Property, Such as a Home,

13  that is Tailored to Input from a Human User, Such as its Owner."  (Compl. ¶ 19; '674

14  Patent (Dkt. # 1-1).)  The '674 Patent was filed on February 3, 2006, and issued on June

15  28, 2011.  (*See* '674 Patent at 1.)

16          Zillow launched its real estate information website, Zillow.com, in 2006.  (Compl.

17  ¶ 7.)  The website offers users a "Zestimate" home valuation service.  (*Id.*)  The Zillow

18  Zestimate permits homeowners and real estate professionals to update automatic

19  valuations of homes with additional facts and information to refine the valuation.  (*Id.*)

20  _____

21          [1] Although Trulia has requested oral argument, the court considers it unnecessary here.
    The parties have provided excellent briefing, and the court defers ruling on the substantive
22  issues.

ORDER- 2

1  Zillow alleges that, to date, approximately one-third of its database of more than 100

2  million homes has been updated in this way.  (*Id.*)  Zillow alleges that it has grown into

3  the largest real estate website, and the most popular suite of mobile real estate

4  applications for smartphones and tablet computers.  (*Id.*)

5          Trulia offers another real estate information website, Truilia.com, and also offers

6  mobile real estate applications for smartphones and tablet computers.  (*Id.* ¶ 9.)  On

7  September 7, 2011, Trulia announced that it too would provide automatic home

8  valuations and it too would use input from homeowners to refine those valuations.  (*Id.*)

9  Trulia calls its refined home valuations "Trulia Estimates."  (*Id.* ¶ 10.)

10          Zillow alleges that similar to Zestimates, Trulia Estimates provide automatic

11  valuations of properties based on recent sales of similar home and home facts—such as

12  the number of bedrooms, square footage, and others.  (*Id.*)  In addition, Zillow alleges

13  that Trulia Estimates also permit and rely upon homeowners to claim their home on the

14  site and provide additional information about their properties to refine the automatic

15  valuation provided by Trulia.  (*Id.*)  As noted above, on September 12, 2012, Zillow filed

16  suit against Trulia alleging infringement of its '674 Patent.  (*See generally id.*)

17          On December 19, 2012, Trulia filed a motion to dismiss the complaint on the

18  ground that Zillow's '674 patent fails to satisfy the eligibility requirements of 35 U.S.C. §

19  101.  (12/19/12 Mot. (Dkt. # 19).)  In their briefing on the motion, both parties

20  acknowledged the Federal Circuit's then upcoming rehearing en banc in *CLS Bank*

21  *International v. Alice Corp. Pty. Ltd.*, 685 F.3d 1341 (Fed. Cir. 2012).  (12/19/12 Mot. at

22  12; 1/21/13 Resp. (Dkt. # 22) at 18-19; Mot. at 2; Resp. (Dkt. # 38) at 3.)  On February

ORDER- 3

1    15, 2013, the court issued an order deferring ruling "on section 101 issues [until] after the

2    Federal Circuit's decision in *CLS Bank*." (2/15/12 Order at 8.)  The court expressed the

3    hope that the Federal Circuit's en banc opinion "would be extraordinarily helpful to the

4    court in this case" and "particularly useful in resolving this motion."  (*Id.* at 4-5.)

5         On May 10, 2013, the Federal Circuit issued its en banc decision in *CLS Bank*,

6    affirming the patent ineligibility of the method, computer-readable medium, and system

7    claims at issue in a one-paragraph *per curiam* decision.  *CLS Bank Int'l v. Alice Corp.*

8    *Pty. Ltd.*, 717 F.3d 1269, 1273 (Fed. Cir. 2013).  Unfortunately, instead of providing the

9    hoped for clarity with respect to the test the court should apply here, the ten-member en

10   banc panel released seven different opinions—none of which garnered majority support.

11   Nevertheless, a majority of the en banc panel—seven of the ten judges—agreed that the

12   method and computer-readable medium claims lacked subject matter eligibility, albeit

13   based on two different analyses.  *See id.* at 1273-1289 (Lourie, J. concurring); *id.* at 1292-

14   1305, 1311-13 (Rader, C.J. concurring in part and dissenting in part).[2]

15        On May 31, 2013, 2013, Zillow served its disclosure of asserted claims and

16   infringement contentions pursuant to the court's Local Patent Rule 120, and asserted

17   claims 2, 5, 15-25, and 40 of the '674 Patent.  (Shanberg Decl. (Dkt. # 35) ¶ 4.)  Claim 2

18   

19   

20        [2] Judge Lourie wrote an opinion concurring with the *per curiam* opinion in which four
     other judges joined.  In addition, Chief Judge Rader wrote an opinion dissenting in part to the *per*
     *curiam* decision but concurring in part with respect to the patent ineligibility of the method and
21   computer-readable medium claims, in which Judge Moore joined.  Thus, a total of seven judges
     of the Eleventh Circuit's en banc panel found that the method and computer-readable medium
22   claims at issue in *CLS Bank* were invalid under 35 U.S.C. § 101 for failure to recite patentable
     subject matter.  *See CLS Bank*, 717 F.3d at 1273, 1313.

ORDER- 4

1  (a computer-readable medium claim) and claim 15 (a method claim) are the only two

2  independent claims.  Claim 15 recites:

3      15.  A method in a computing system for refining an automatic valuation of
        a distinguished home based upon input from a user knowledgeable about
4       the distinguished home, comprising:
            obtaining user input adjusting at least one aspect of information about
5       the distinguished home used in the automatic valuation of the distinguished
        home;
6           automatically determining a refined valuation of the distinguished home
        that is based on the adjustment of the obtained user input; and
7           presenting the refined valuation of the distinguished home.

8  ('674 Patent at 21:49-59.)  Claim 2 similarly recites:

9      2.  A computer readable medium for storing contents that causes a
        computing system to perform a method for procuring information about a
10      distinguished property from its owner that is usable to refine an automatic
        valuation of the distinguished property, the method comprising:
11       (a) displaying at least a portion of information about the distinguished
        property used in the automatic valuation of the distinguished property;
12      (b) obtaining user input from the owner adjusting at least one aspect of
        information about the distinguished property used in the automatic
13      valuation of the distinguished property; and
        (c) displaying to the owner a refined valuation of the distinguished property
14      that is based on the adjustment of the obtained user input.

15  (*Id.* at 20:18-32.)

16      On June 17, 2013, in accord with the court's February 15, 2013, order, Trulia filed

17  it renewed motion to dismiss (or in the alternative for summary judgment) asserting once

18  again that the claims at issue in Zillow's '674 Patent are directed to nothing more than an

19  abstract idea, specifically a "method of using user-entered information to adjust

20  assessments of property value, *i.e.*, an appraisal calculation" (Mot. at 9), and therefore are

21  patent-ineligible subject matter under 35 U.S.C. § 101.  (*See generally* Mot.)  The court

22  now turns to Trulia's renewed motion.

ORDER- 5

## III.     ANALYSIS

### A.  Standards

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on failure to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  Dismissal is appropriate only if the well-pleaded factual allegations in the complaint, construed in the light most favorable to the plaintiff, suffice to establish the defense.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Jones v. Bock*, 549 U.S. 199, 215 (2007).  Here, Trulia is moving to dismiss based on lack of patent-eligible subject matter.  The Federal Circuit recently declared that "Rule 12(b)(6) dismissal for lack of eligible subject matter will be the exception, not the rule." *Ultramercial, Inc. v. Hulu, LLC,* --- F.3d ---, 2013 WL 3111303, at *2 (Fed. Cir. 2013). The Court explained that such a dismissal "will be rare . . . because every issued patent is presumed to have been issued properly, absent clear and convincing evidence to the contrary."  *Id.*  Thus, for the court to dismiss based on Rule 12(b)(6), "the *only* plausible reading of the patent must be that there is clear and convincing evidence of ineligibility." *Id.*

Alternatively, Trulia moves for summary judgment under Federal Rule of Civil Procedure 56.  (Mot. at 6.)  Summary judgment is appropriate when no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  The Federal Circuit has recently cautioned that "analysis under [35 U.S.C.] § 101, while ultimately a legal determination, is rife with underlying factual issues." *Ultramercial*, --- F.3d ---, 2013 WL 3111303, at *3.  Specifically, the Federal

1  Circuit has noted that "factual issues may underlie determining whether the patent

2  embraces a[n] . . . abstract idea." *Id.*

3  **B. *CLS Bank* and *Ultramercial***

4  In its previous order, the court expressed the hope that it would "benefit

5  substantially" from the guidance it expected to receive from the Federal Circuit's en banc

6  decision in *CLS Bank*.  The court had hoped that the en banc panel would provide clarity

7  with respect the test to be applied when considering whether the '674 Patent claims

8  asserted by Zillow are directed to patent-eligible subject matter.  (2/15/13 Order at 4-5.)

9  Unfortunately, the Federal Circuit did not announce a single test in its splintered *CLS*

10  *Bank en banc* decision.  Instead, the Federal Circuit "propounded at least three

11  incompatible standards, devoid of consensus, serving simply to add to the unreliability

12  and cost of the system of patents as an incentive for innovation."  *CLS Bank*, 717 F.3d at

13  1321 (Newman, J., concurring in part and dissenting in part).  Although a majority of

14  judges on the en banc panel (seven out of ten) agreed that the method and computer-

15  readable memory claims in the patent-in-suit were not patent eligible, "no majority of

16  those judges agree[d] as to the legal rationale for that conclusion."  *Id.* at 1274 (Lourie, J.,

17  concurring); *id.* at 1292, n.1 (Rader, C.J., concurring in part and dissenting in part).[3]

18  Despite this fractured state of affairs, Trulia asserts that a combination of the

19  concurring opinions of Judge Lourie and Chief Judge Rader provide the necessary legal

20

21  [3] In addition to seven judges agreeing that the method and computer-readable memory
claims were not patent eligible, eight judges, a majority, concluded that the particular method,
medium, and systems claims at issue in *CLS Bank* should rise or fall together in the 35 U.S.C. §
22  101 analysis.  *CLS Bank*, 717 F.3d at 1272, n.1 (Lourie, J., concurring).

1  framework for the court to decide the issue of patent subject matter eligibility now.  (*See*

2  Mot. at 8-9.)  Further, Trulia asserts that the result in *CLS Bank*—concluding that the

3  asserted method and computer-readable media claims were directed to an abstract idea

4  and therefore not eligible subject matter under 35 U.S.C.§ 101—should also control here.

5  (*Id.* at 9-12.)  Zillow, on the other hand, asserts that a later decision by the Federal

6  Circuit, *Ultramercial , Inc. v. Hulu, Inc.*, --- F.3d ---, 2013 WL 3111303 (Fed. Cir. 2013),

7  which held a particular internet and computer-based method for monetizing copyrighted

8  products was not manifestly abstract so as to be ineligible for patent protection, provides

9  some clarification to the *CLS Bank* en bank decision and is more germane to this court's

10  analysis.  (*See* Resp. at 4, 16, 20, 23.)  Interestingly, as in *CLS Bank*, Judge Lourie and

11  Chief Judge Rader again play major roles in the *Ultramercial* decision, with Chief Judge

12  Rader writing for the majority, and Judge Lourie writing a concurring opinion.  *See*

13  *Ultramercial*, --- F.3d ---, 2013 WL 3111303, at *1-*17 (Rader, C.J. majority opinion);

14  *id.* at *17-*18 (Lourie, J., concurring).  Because these two cases, written largely by the

15  same two Federal Circuit judges, come to opposite results with respect to the application

16  of the subject matter requirements for patent eligibility in 35 U.S.C. § 101, a comparison

17  of the cases and how they may apply with respect to the patent-in-suit is warranted.

18      The patents at issue in *CLS Bank* were directed to "a computerized trading

19  platform used for conducting financial transactions in which a third party settles

20  obligations between a first and a second party so as to eliminate . . . 'settlement' risk."

21  *CLS Bank*, 717 F.3d at 1274 (Lourie, J., concurring).  In other words, they describe the

22  "concept of using a neutral intermediary in exchange transactions to reduce risk that one

ORDER- 8

1    party will not honor the deal, *i.e.*, escrow arrangement." *Id.* at 1311 (Rader, C.J.

2    concurring in part and dissenting in part).  Similar to the claims at issue here, some of the

3    claims at issue in *CLS Bank* were method and some were computer-readable media.[4] *Id.*

4    at 1273.  CLS Bank filed suit against the patent owner seeking, in part, a declaratory

5    judgment of patent invalidity under 35 U.S.C. § 101.  *CLS Bank*, 717 F.3d at 1274

6    (Lourie, J., concurring).  The district court granted summary judgment to CLS Bank,

7    ruling that the asserted claims were invalid because they were directed to an abstract idea

8    and therefore were patent ineligible subject matter. *Id.* at 1275.  As discussed above, a

9    divided majority of the Federal Circuit's en banc panel affirmed the district court's

10   holding that the asserted method and computer-readable medium claims were ineligible

11   and invalid under 35 U.S.C. § 101.

12        Judge Lourie, joined by four members of the panel, advanced a test for evaluating

13   abstractness under 35 U.S.C. § 101, which he called an "Integrated Approach."  First, the

14   court must determine whether the claimed invention fits within one of the four broad

15   statutory classes set forth in 35 U.S.C § 101:  "any new and useful process, machine,

16   manufacture, or composition of matter," or an improvement thereof.  *See CLS Bank*, 717

17   F.3d at 1282 (Lourie, J., concurring).  Assuming that this condition is met, the court next

18   must determine whether one of the judicial exceptions to subject matter eligibility—a law

19   of nature, natural phenomenon or an abstract idea—nonetheless bars the claim.  *Id.*  With

20

21        [4] In addition, the en banc panel in *CLS Bank* addressed systems claims which are not at
issue here.  *See CLS Bank*, 717 F.3d at 1273 ("An equally divided court affirms the district

22   court's holding that the asserted system claims are not directed to eligible subject matter . . . .").

1    regard to this second step Judge Lourie stated:  "A preliminary question in applying the

2    exceptions to such claims is whether the claim raises § 101 abstractness concerns at all.

3    Does the claim pose any risk of preempting an abstract idea?"  *Id.*  To address this issue,

4    Judge Lourie cautioned that "it is important at the outset to identify and define whatever

5    fundamental concept appears wrapped up in the claim so that the subsequent analytical

6    steps can proceed on a consistent footing."  *Id.*  In this instance, Judge Lourie identified

7    the concept as "a form of escrow."  *Id.* at 1286.

8          Once the pertinent abstract idea has been identified, under Judge Lourie's

9    Integrated Approach, the court next evaluates the balance of the claim "to determine

10   whether it contains additional substantive limitations that narrow, confine, or otherwise

11   tie down the claim so that, in practical terms, it does not cover the full abstract idea

12   itself."  *Id.* at 1282.  Judge Lourie explains that "[t]he requirement for substantive claim

13   limitations beyond the mere recitation of a disembodied fundamental concept has

14   'sometimes' been referred to as an 'inventive concept,'" *id.* (citing *Mayo Collaborative*

15   *Servs. v. Prometheus Labs., Inc.*, --- U.S. ---, 132 S.Ct. 1289, 1294 (2012)), and "in the §

16   101 context refers to a genuine human contribution to the claimed subject matter" or "a

17   product of human ingenuity," *id.* at 1283.  Further, the human contribution must be more

18   than "a trivial appendix to the underlying abstract idea," "token or trivial limitations," or

19   "vague limitations cast in highly general language."  *Id.* (internal quotations and citations

20   omitted).

21         Chief Judge Rader, joined by three members of the en banc panel, articulated a

22   different approach.  *Id.* at 1299-1302 (Rader, C.J., concurring in part and dissenting in

1   part).  One court has referred to Judge Rader's approach as the "Meaningful Limitations

2   Approach."  *See Planet Bingo, LLC v. VKGS, LLC*, --- F. Supp. 2d ---, 2013 WL

3   4427811, at \*3 (W.D. Mich. 2013).  Under this approach, the court first must determine

4   whether the claim involves an intangible abstract idea.  *CLS Bank*, 717 F.3d at 1297

5   (Rader, C.J., concurring in part and dissenting in part) ("[T]he relevant inquiry under the

6   exceptions is whether the claim covers merely an abstract idea . . . ."); *id.* at 1299 ("The

7   concern . . . is whether the claim seeks to patent an idea itself, rather than an application

8   of that idea."); *see also Ultramercial*, --- F.3d ---, 2013 WL 3111303, at \*14, n.2 ("When

9   assessing the abstract idea exception, the § 101 inquiry is a two-step one:  first, whether

10  the claim involves an intangible abstract idea . . . .").  This fact alone, however, will not

11  disqualify the patent.  Rather, the court must then engage in the second step of the

12  inquiry:  "whether a claim includes *meaningful* limitations restricting it to an application,

13  rather than merely an abstract idea."  *CLS Bank*, 717 F.3d at 1299.  In other words, the

14  claim limitations must "meaningfully tie that idea to a concrete reality or actual

15  application of that idea."  *Id.*  at 1299-1300.

16      Chief Judge Rader and others have criticized Judge Lourie's interpretation of the

17  phrase "inventive concept" from the Supreme Court's *Mayo* decision.  *Id.* at 1315 (Rader,

18  C.J. dissenting in part); *see also id.* at 1314 (Moore, J., dissenting in part) (arguing that

19  Judge Lourie's interpretation of "inventive concept" "trample[s] upon a mountain of

20  precedent that requires us to evaluate each claim as a whole when analyzing validity.").

21  Although it is well established that claims must be considered as a whole when assessing

22  subject matter eligibility, Chief Judge Rader contends that Judge Lourie's interpretation

1  of "inventive concept" results in "stripping away all known elements from the asserted

2  system claims and analyzing only whether what remains, as opposed to the claim as a

3  whole, is an abstract idea." *See id.* at 1315 (Rader, C.J., dissenting in part).[5]  Judge

4  Lourie is critical of Chief Judge Rader's approach because in Judge Lourie's view is it

5  inconsistent with the Supreme Court's *Mayo* decision.  *See Ultramercial*, --- F.3d ---,

6  2013 WL 3111303, at *17 (Lourie, J., concurring).[6]

7          Although Chief Judge Rader and Judge Lourie propone different approaches, both

8  agreed that the method and computer-readable media claims at issue in *CLS Bank* were

9  patent-ineligible because they were directed to a patent-ineligible abstract idea – the

10  concept of escrow.[7]  *Id.* at 1285-89 (Lourie, J., concurring); *id.* at 1311-1313 (Rader, C.J.,

11  concurring in part).  Likewise, in *Ultramercial*, both judges came to the same conclusion

12  based upon their differing approaches but the opposite result.  In other words, in

13  *Ultramercial*, both judges came to the conclusion that the patent at issue for a particular

14

15          [5] At least one court has found Chief Judge Rader's criticism to be "overstated," in part
16  because Judge Lourie expressly emphasizes that claims are to be evaluated as a whole for
    whether they result in a product in a product of human ingenuity.  *See, e.g., Planet Bingo, LLC v.
    VKGS, LLC*, --- F. Supp. 2d ---, 2013 WL 4427811, at *5 (W.D. Mich. 2013) (citing *CLS Bank*,
17  717 F.3d at 1281, 1284 (Lourie, J., concurring)).

18          [6] *See also Planet Bingo*, --- F. Supp. 2d ---, 2013 WL 4427811, at *5 (concurring that
    Chief Judge Rader's interpretation of "inventive concept" in his Meaningful Limitations
19  Approach is inconsistent with or "oversimplifies" the meaning of the phrase).

20          [7] The outcomes reached by Chief Judge Rader and Judge Lourie, however, split with
    respect to the systems claims at issue in *CLS Bank*.  Judge Lourie concluded that these claims
21  were also directed to a patent-ineligible abstract idea, *see CLS Bank*, 717 F.3d at 1289-92
    (Lourie, J., concurring), while Chief Judge Rader concluded that the systems claims were patent
22  eligible, *id.* at 1305-06 (Rader, C.J., dissenting in part).  There are no systems claims at issue in
    the present dispute between Zillow and Trulia.

1    internet and computer-based method for monetizing copyrighted products was not

2    manifestly abstract so as to be ineligible for patent protection.  *Ultramercial*,  --- F.3d ---,

3    2013 WL 3111303, at *14-*17; *id.* at *17-*18 (Lourie, J., concurring).

4          At issue in *Ultramercial* was a patent claiming "a method for distributing

5    copyrighted products . . . over the Internet where the consumer receives a copyrighted

6    product for free in exchange for viewing an advertisement, and the advertiser pays for the

7    copyrighted content."  *Id.* at *1.  In other words, "[t]he claimed invention [was] a method

8    for monetizing and distributing copyrighted products over the Internet."  *Id.* at *14.

9    Without performing claim construction, the district court granted the motion to dismiss

10   finding that the asserted claims invalid as being directed to ineligible subject matter, an

11   abstract idea.  *Id.* at *2.  The Federal Circuit reversed finding the asserted claims to be

12   patent eligible.  *Id.* at *1 (citing *Ultramercial, LLC v. Hulu, LLC*, 657 F.3d 1323 (Fed.

13   Cir. 2011)).  The Supreme Court vacated and remanded the initial Federal Circuit

14   decision.  *See Wildtangent Inc. v. Ultramercial LLC*, 132 S.Ct. 2431 (2012).  A second

15   three-judge panel of the Federal Circuit, in which Chief Judge Rader wrote the opinion

16   for the court and Judge Lourie wrote a concurring opinion, revisited the case and again

17   determined that the asserted claims were eligible for patent protection.  *See generally*

18   *Ultramercial*, --- F.3d ---, 2013 WL 3111303, at *14-*17; *id.* at *17-*18 (Lourie, J.,

19   concurring).

20         In his *Ultramercial* opinion, Chief Judge Rader stated:

21         A claim can embrace an abstract idea and be patentable. . . .  Instead, a
           claim is not patentable only if, instead of claiming an *application* of an
22         abstract idea, the claim is instead *to* the abstract idea itself.  The inquiry

1    here is to determine on which side of the line the claim falls:  does the
2    claim cover only an abstract idea, or instead does the claim cover an
     application of an abstract idea?

3    *Id.* at *7 (internal citations omitted; italics in original).  Applying different methodology,

4    both Chief Judge Rader and Judge Lourie found that the claimed invention fell on one

5    side of the patent-eligibility line in *CLS Bank* and on the other side of that line in

6    *Ultramercial*.  Here too, this court must decide on which side of the patent-eligibility line

7    the patent claims asserted by Zillow fall.  Without expressly deciding, at this point in the

8    litigation it appears to the court that the patent claims at issue fall somewhere in between

9    the spectrum of patentability represented by Federal Circuit's decisions *CLS Bank* and

10   *Ultramercial*.  Unfortunately, knowing that Zillow's patent claims fall somewhere

11   between *CLS Bank* and *Ultramercial* does not resolve which side of the patentability line

12   the patent-in-suit ultimately falls.  The abstractness of the subject matter of the patent in

13   this case is not certain.  Because the court is unable to make this determination at this

14   point in the litigation, it must conclude that Trulia has failed to meet its burden of

15   establishing that "the *only* plausible reading of [Zillow's] patent [is] that there is clear and

16   convincing evidence of ineligibility."  *See Ultramercial,* --- F.3d ---, 2013 WL 3111303,

17   at *2.  Consequently, it would be err to dismiss the entire case at this stage of the

18   litigation.

19          Although Chief Judge Rader and Judge Lourie do not agree on the methodology

20   the court should use in making a patent subject matter eligibility determination, they do

21   agree that going through the claim construction process (although not always required)

22   may assist the court.  *See, e.g.*, *Ultramercial*, --- F.3d ---, 2013 WL 3111303, at *4

ORDER- 14

1    ("[C]laim construction . . . may clarify the actual subject matter at stake in the invention

2    and can enlighten, or even answer, questions about subject matter abstractness."); *CLS*

3    *Bank*, 717 F.3d at 1282 (Lourie, J., concurring) (noting that "[a]lthough not required,

4    conducting a claim construction analysis before addressing § 101 may be especially

5    helpful . . . by facilitating a full understanding of what each claim entails.").  A claim

6    construction hearing has not yet taken place and the claims asserted by Zillow have not

7    yet been interpreted.  It is entirely possible that following such a hearing, the court will be

8    convinced that the claims at issue do recite patentable subject matter.  However, the court

9    also may still make the determination that the patent claims at issue fail under 35 U.S.C.

10   § 101.  Thus, the court denies Trulia's motion without prejudice, and Trulia will be free

11   to raise this issue again following claim construction.

12                              **IV.    CONCLUSION**

13          Based on the forgoing, the court DENIES Trulia's motion to dismiss Zillow's

14   complaint for lack of subject matter eligibility under 35 U.S.C. § 101 without prejudice to

15   re-filing following the court's ruling on claim construction.

16          Dated this 6th day of September, 2013.

17

18

19          _____

20          JAMES L. ROBART
            United States District Judge

21

22

ORDER- 15